**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-1583**

XIAN CHEN,

                Petitioner,

      v.

ERIC H. HOLDER, JR., Attorney General,

                Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted:  December 6, 2010      Decided:  February 3, 2011

Before WILKINSON, MOTZ, and GREGORY, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Gary J. Yerman, New York, New York, for Petitioner.  Tony West, Assistant Attorney General, Daniel E. Goldman, Senior Litigation Counsel, Jonathan Robbins, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Xian Chen, a native and citizen of the People's Republic of China, petitions for review of an order of the Board of Immigration Appeals ("Board") dismissing his appeal from the immigration judge's order denying his applications for asylum, withholding from removal and withholding under the Convention Against Torture ("CAT"). Chen claims the Board abused its discretion by denying relief he sought based on his claims that he was a Falun Gong practitioner and that he feared returning to China because he was now in violation of China's family planning policy. We deny the petition for review.

The Immigration and Nationality Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2006). The INA defines a refugee as a person unwilling or unable to return to his native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2006). "Persecution involves the infliction or threat of death, torture, or injury to one's person or freedom, on account of one of the enumerated grounds . . . ." Qiao Hua Li v. Gonzales, 405 F.3d 171, 177 (4th Cir. 2005) (internal quotation marks and citations omitted). An individual who has been forced to submit to a sterilization procedure is "deemed to have been persecuted

2

on account of political opinion." 8 U.S.C. § 1101(a)(42) (2006).

An alien "bear[s] the burden of proving eligibility for asylum," Naizgi v. Gonzales, 455 F.3d 484, 486 (4th Cir. 2006); see 8 C.F.R. § 1208.13(a) (2010), and can establish refugee status based on past persecution in his native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2010). "An applicant who demonstrates that he was the subject of past persecution is presumed to have a well-founded fear of persecution." Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

Without regard to past persecution, an alien can establish a well-founded fear of persecution based on a protected ground. Id. at 187. The well-founded fear standard contains both a subjective and an objective component. The objective element requires a showing of specific, concrete facts that would lead a reasonable person in like circumstances to fear persecution. Gandziami-Mickhou v. Gonzales, 445 F.3d 351, 353 (4th Cir. 2006). "The subjective component can be met through the presentation of candid, credible, and sincere testimony demonstrating a genuine fear of persecution . . . . [It] must have some basis in the reality of the circumstances and be validated with specific, concrete facts . . . and it

3

cannot be mere irrational apprehension." Qiao Hua Li, 405 F.3d at 176 (internal quotation marks and citations omitted).

A determination regarding eligibility for asylum or withholding of removal is affirmed if supported by substantial evidence on the record considered as a whole. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). Administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to decide to the contrary. 8 U.S.C. § 1252(b)(4)(B) (2006). This court will reverse the Board only if "the evidence . . . presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Elias-Zacarias, 502 U.S. at 483-84; see Rusu v. INS, 296 F.3d 316, 325 n.14 (4th Cir. 2002). When the Board and the immigration judge both issue decisions in an immigration case, this court will review both decisions. Kourouma v. Holder, 588 F.3d 234, 239-40 (4th Cir. 2009).

We conclude that substantial evidence supports the finding that Chen was not the victim of past persecution. Accordingly, he was not eligible for the presumption that he had a well-founded fear of persecution. We further conclude that substantial evidence supports the finding that Chen's fear of returning to China because he started practicing Falun Gong was not objectively reasonable. Chen failed to show that government authorities knew of or would learn of his Falun Gong practice.

4

We also conclude that substantial evidence supports the finding that Chen did not show a well-founded fear of persecution based on the birth of his two children. Even if Chen is in violation of China's policy, he must still show that there is "a reasonable possibility that Chinese Government officials would enforce the family planning policy against [him] through means constituting persecution." Matter of H-L-H- & Z-Y-Z-, 25 I. & N. Dec. 209, 211 (BIA 2010). Because there was highly probative evidence stating that there was no evidence showing that Chinese citizens returning to China were persecuted because of having children born in the United States, we conclude the record does not compel a different result.

We also deny Chen's petition for review as it pertains to his claim under the CAT. He did not show it was more likely than not that he will be tortured if he returns to China. See 8 C.F.R. § 1208.16(c) (2010).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITION DENIED

5